IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| CLIFFORD A. SMITH | § | |
|---|---|---|
| | § | |
| V. | § | CIVIL ACTION NO. G-06-288 |
| | § | |
| GEAN LEONARD | § | |

## REPORT AND RECOMMENDATION

Plaintiff Clifford A. Smith, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. This Court has carefully reviewed Plaintiff's complaint and answers to interrogatories, and makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination of whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).

Plaintiff was incarcerated at the Galveston County jail on November 10, 2005. He asserts that he began suffering harm on April 1, 2006, when paint allegedly fell from the ceiling onto his food tray. Plaintiff assumed that he suffered lead poisoning from the paint and presented at the infirmary with complaints of headaches, sinus problems, trouble breathing, blurred vision, irritated eyes and fatigue. He was given Motrin and "a pill" for sinus problems. Plaintiff was never told that he was living amongst toxic mold, lead-based paint or asbestos; nor did any physician tell him or give him reason to believe that he suffered from complications due to the alleged presence of "toxic mold," asbestos or lead-based paint.

Plaintiff also states that he has suffered mental distress from knowledge that the tray slot through which his food is served on a tray, was cleaned with a brush used to clean toilets.

Under the Prison Litigation Reform Act (PLRA), prisoners filing suit must demonstrate a physical injury to sustain a claim for damages. 42 U.S.C. § 1997e(e); *Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir. 1999). Section 1997e(e) states: "No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Courts have strictly construed the physical injury requirement, precluding claims by prisoners who demonstrate only mental or emotional injury and barring physical injury claims where the injury alleged is *de minimis*. *See e.g. Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The injury must be more than *de minimis*, but need not be significant. *Id*.

Plaintiff's claims for damages do not survive the PLRA's physical injury requirement. He alleged no physical injury in his original complaint or in his answers to interrogatories, and, according to the health professional at the jail, suffered only from sinus problems. In short, Plaintiff

suffered no physical injury resulting from his claims made the basis of this suit. That being the case, his claim for damages due to the alleged unsanitary or unhealthy conditions at the jail has no legal support.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the instant cause be **DISMISSED with prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **July 27, 2006,** in which to have written objections physically on file in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___11th___ day of July, 2006.

_____
John R. Froeschner
United States Magistrate Judge